# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2024

Lyle W. Cayce
Clerk

No. 23-40453

Cinemark Holdings, Incorporated; Cinemark USA, Incorporated; CNMK Texas Properties, L.L.C.; Century Theaters Incorporated; Cinemark Partners II Limited; Greeley Limited; Laredo Theatre, Limited,

*Plaintiffs—Appellants*,

*versus*

Factory Mutual Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-11

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

Cinemark Holdings, Inc. and affiliated companies sued Factory Mutual Insurance Company seeking coverage under Cinemark's all-risk property insurance policies for "physical loss or damage" caused by COVID-19. The district court granted summary judgment for Factory Mutual, holding

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that COVID-19 does not physically harm property under Texas law. We affirm.

This is a diversity case, so Texas law governs. But the Fifth Circuit has already made its *Erie* guess on this issue. As we recently held, "COVID-19 does not physically harm property." *Baylor Scott & White Holdings v. Factory Mut. Ins. Co.*, 105 F.4th 816, 821 (5th Cir. 2024). *See also id.* ("[A]s a matter of law, COVID-19 does not cause physical loss or damage to property."). We are bound by that holding. *See id.* ("Absent a decision to the contrary by the Supreme Court of Texas or our *en banc* court, existing circuit precedent controls.").

Cinemark contends that the record contains extensive scientific evidence that COVID-19 alters indoor air and surfaces. But, as noted above, regardless of whether COVID-19 damages property in a technical, scientific sense, we have "already determined—as a matter of law—that COVID-19 does not affect property in a 'physical' way." *Id.* Though "COVID-19 has wrought great physical harm to people, it does not physically damage property within the plain meaning of 'physical.'" *Id.* at 820 (internal quotation omitted).

Cinemark additionally argues that one of Factory Mutual's internal loss codes supports Cinemark's view that physical loss or damage can be caused by a communicable disease. But, under Texas law, we may not look to extrinsic evidence to alter the meaning of otherwise unambiguous text. *See URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 769 (Tex. 2018) ("Parties cannot rely on extrinsic evidence to . . . make the language say what it unambiguously does not say.") (internal quotation omitted). And, even if we could consider Factory Mutual's loss codes, we have already held that merely allowing for the possibility that communicable diseases can cause physical loss or damage does not overcome the default rule that COVID-19 does not

cause physical loss or damage. *See Baylor Scott & White Holdings*, 105 F.4th at 820–21 ("BSW characterizes the Policy's language as unique because it 'covers "physical loss or damage" caused by communicable disease,' which makes the coverage 'broader than a typical policy.' But as stated, we have held that COVID-19 does not physically harm property.").

In addition to its breach of contract claims, Cinemark asserted claims for breach of the covenant of good faith and fair dealing and for violations of the Texas Insurance Code. The district court dismissed these claims as well. Cinemark argues only that these claims should be reinstated if we reverse the district court's conclusion that COVID-19 does not cause physical loss or damage. Because we affirm the district court's conclusion on physical loss or damage, we need not address these additional claims.

We accordingly affirm the district court's grant of summary judgment in favor of Factory Mutual.